**UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | |
|---|---|
| In re:<br><br>HIAWATHA MANOR ASSOCIATION, INC.,<br><br>Debtor. | Chapter 11<br><br>Case No. 25-01916<br><br>Hon. Randal S. Mashburn |
| HIAWATHA MANOR ASSOCIATION, INC.,<br><br>Plaintiff,<br><br>v.<br><br>CHARLES H. ABERNATHY, *et al.*,<br><br>Defendants. | Adv. Pro. 2:25-ap-90051 |

**DEBTOR'S EXPEDITED MOTION FOR SERVICE**
**BY PUBLICATION PURSUANT TO RULES 7004(C) AND**
**9008 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

Hiawatha Manor Association, Inc. (the "***Debtor***"), the debtor and debtor in possession in the above-captioned chapter 11 case, files this *Expedited Motion for Service by Publication Pursuant to Rules 7004(c) and 9008 of the Federal Rules of Bankruptcy Procedure*, seeking approval of the form and manner of publication notice. In support of this Motion, the Debtor respectfully states as follows:

**COMPLIANCE WITH LOCAL RULE 9075-1**

1. Expedited Relief Requested. Local Rule 9075-1 allows the Court to grant emergency orders for expedited motions. Pursuant to Local Rule 9075-1(b), the Debtor requests expedited relief to serve notice by publication consistent with the terms set forth in the Proposed Order (as defined below).

2. Basis for Urgency. The Debtor has urgent need to serve notice by publication for those parties the Debtor has been unable to effectuate service upon in connection with the Debtor's seeking relief to sell the Debtor's interest along with the interests of the Defendants, pursuant to section 363(h) of the Bankruptcy Code as set forth in the *Complaint to Sell Estate's Interest and Co-Owners' Interests in Real Property Pursuant to 11 U.S.C. § 363(h) (Hiawatha East)* filed in this adversary proceeding (Adv. Pro. No. 25-90051) (the "***Adversary Proceeding***").

a. As set forth further below, the Debtor has successfully served the vast majority of co-owners of the property; however, the Debtor has been unable to effectively serve certain parties for which the Debtor does not have current contact information.

b. Expedited relief is appropriate here because (i) expediting consideration of this motion will substantially reduce unnecessary time and professional fees related to further delaying the Debtor's successful pursuit and closure of a sale; and (ii) expediting the requested relief will not prejudice any party in interest because the only parties affected by the proposed relief are those that have not and cannot receive notice of this motion, given that the Debtor does not have accurate addresses for those parties.

c. Accordingly, hearing this motion on an expedited basis will reduce professional fees and overall administrative expenses, all for the betterment of the Debtor's estate and all parties in interest, while also in no way prejudicing any parties impacted by the requested relief.

3. Notice. Concurrently with the filing of this motion, the Debtor shall provide notice of this motion to the Office of the United States Trustee for the Middle District of Tennessee ("***U.S. Trustee***") and all parties entitled to notice pursuant to Bankruptcy Rule 2002. Service is being executed via the Court's CM/ECF system.

4. Suggested Hearing. The Debtor requests a hearing date on this Motion on or before August 5, 2025. The Court has set a pretrial conference in this case for August 5, 2025 at 1:30 p.m. (prevailing Central time). The Debtor respectfully requests that this motion be heard at that time.

5. Support. The Debtor's support for this motion is set forth below.

## FACTUAL BACKGROUND

### A. The Complaint.

6. The Debtor is a Tennessee non-profit corporation and the condominium owners association and co-owner of a certain 47-unit (each a "***Unit***" and collectively, the "***Units***") development located at 8005 Cherokee Trail, Crossville, Tennessee 38572, which is commonly known as the Hiawatha Manor Resort (the "***Property***").

7. On May 6, 2025 (the "***Petition Date***"), the Debtor filed a voluntary petition for relief in this Court, pursuant to chapter 11 of the United States Code (the "***Bankruptcy Code***") thus commencing the chapter 11 case (the "***Chapter 11 Case***").

8. On the Petition Date, the Debtor filed (a) the Complaint, commencing the Adversary Proceeding seeking declaratory relief that it may sell the entire Property, including the non-debtor, co-owners' (the "***Defendants***") interests, pursuant to Section 363(h) of the Bankruptcy Code.

9. As further set forth in the Complaint, the Debtor now owns 1,764 undivided fractional interests in the Property as a tenant in common with not less than one thousand five hundred (1,500) individuals, trusts, and corporations as tenants in common, with each interest entitling the co-owner to a fixed week of occupancy.

10. In addition to the co-tenants, title work conducted by the Debtor in anticipation of a sale of the Property has revealed approximately 195 additional individuals and/or entities that

appear in the title chain records for the Property, that do not hold any valid legal or equitable interest in the Units (such individuals and/or entities, "***Clouders***").

11. Although the Clouders do not have valid ownership interests in the Units, the Debtor has included them as Defendants to ensure all parties with alleged or asserted interests in the Property are provided notice of the sale of the Property free and clear of the Defendants' interests.

12. Many of the tenants in common have either walked away from their ownership and stopped paying maintenance fees or transferred their interests to timeshare relief companies.

13. As a result, many of the tenants in common (and all of the timeshare relief companies) fail to pay maintenance fees, resulting in the incurrence of statutory liens against the interests of the delinquent tenants in common.

**B. Service Efforts to Date.**

14. Attached as **Exhibit A** to the Complaint is a list of all the Defendants that the Debtor believes may own or otherwise assert an interest in the Property and their last known address, which list was derived from the title work performed by the Debtor prior to the Petition Date.

15. The addresses on **Exhibit A** were sourced from (a) the original deeds recorded in the real property records, (b) the last known address of each Defendant reflected in the Debtor's books and records, and (c) the results of a service retained by the Debtor to skiptrace each Defendant whose mail was returned as undeliverable or for whom there was no other record of known address.

16. On May 29, 2025, an alias summons was issued as to all Defendants. (Dkt. No. 7.)

17. The Debtor served by first class mail, postage prepaid the summons on the domestic addresses on **Exhibit A** to the Complaint, on June 2, 2025.

18. The Debtor served the summons on the foreign addresses on **Exhibit A** to the Complaint by FedEx with return receipt required in compliance with Federal Rule of Civil Procedure 4(f) on May 29, 2025.

19. In total, the Debtor mailed the summons and complaint to more than 1,600 unique addresses.

20. The Debtor has successfully served many Defendants, and the Debtor and its counsel have received numerous phone calls and emails from Defendants that received summons.

21. However, some summonses were returned as undeliverable.

22. In total, the Debtor has received undeliverable summonses and complaints and has exhausted all alternative addresses, relating to 78 Defendants who are owners (almost all of whom are severely delinquent) and 25 Defendants who are Clouders.

23. Based upon the Debtor's efforts to date in obtaining appropriate addresses for service, the Debtor has no reasonable belief that additional research into addresses will be fruitful or otherwise enable the Debtor to effectuate service by mail or other personal service.

## EXPEDITED RELIEF REQUESTED

24. Rule 7004(c) of the Federal Rules of Bankruptcy Procedure provides that:

> If a party to an adversary proceeding to determine or protect rights in property in the custody of the court cannot be served as provided in Rule 4(e)–(j) F.R.Civ.P. or subdivision (b) of this rule, the court may order the summons and complaint to be served by mailing copies thereof by first class mail, postage prepaid, to the party's last known address, and by at least one publication in such manner and form as the court may direct.

25. Rule 9008 of the Federal Rules of Bankruptcy Procedure provides that:

> Whenever these rules require or authorize service or notice by publication, the court shall, to the extent not otherwise specified in these rules, determine the form and manner thereof, including the newspaper or other medium to be used and the number of publications.

26. "[T]he inability to obtain a defendant's address does not impair a plaintiff's ability to provide timely service as Bankruptcy Rule 7004(c) allows for service where a defendant's address is unknown by mailing to the last known address and publishing in a newspaper." *Roman v. Carrion* (*In re Rodriguez Gonzalez*), 396 B.R. 790, 799 (B.A.P. 1st Cir. 2008).

27. "Notice by publication may satisfy due process concerns 'where it is not reasonably possible or practicable to give more adequate warning,' such as in cases 'of persons missing or unknown.'" *Unaatuq, LLC v. Green* (*In re Catholic Bishop*), 509 B.R. 229, 248-49 (Bankr. D. Alaska 2014) (citing Rule 7004(c) and *Tulsa Professional Collection Serv., Inc. v. Pope*, 485 U.S. 478, 490 (1988) ("For creditors who are not 'reasonably ascertainable,' publication notice can suffice.")).

28. The Adversary Proceeding involves a determination of rights in the Property, which is in the custody of the Court.

29. The Debtor exercised reasonable diligence to locate each Defendant.

30. The Debtor attempted to serve all Defendants at their last known address by first class postage prepaid mail for domestic Defendants and FedEx with return receipt required to all foreign Defendants in compliance with Federal Rule of Civil Procedure 4(f).

31. Additionally, the Debtor has maintained contact with the Defendants through the website hiawatharesort.info, which contains pertinent updates, filings, and notices relating to the sale of the Property. The website also allows Defendants to opt in to email notifications about proceedings that affect their interests in the Property.

32. Accordingly, all of the requirements of Rule 7004(c) have been satisfied to allow for service by publication notice.

33. Pursuant to Rule 9008, the Court is required to determine the form and manner of publication notice, including the newspaper or other medium to be used and the number of publications.

34. Within twenty-one (21) days of entry of an order granting this motion, the Debtor proposes to distribute the following notice by: (a) emailing all Defendants who have opted into email notifications, (b) posting the notice on their website, at the property, and on any other publicly facing website or other system used to communicate with the Defendants, (c) publishing the notice one time in the *Crossville Chronicle*, the prominent local newspaper for Cumberland County, and (d) publishing the notice one time in the national newspaper (*USA Today*, the *Wall Street Journal*, or a similar paper within national distribution).

> **NOTICE OF PROCEEDING TO SELL HIAWATHA EAST RESORT IN CROSSVILLE, TENNESSEE ("HIAWATHA EAST").** The Hiawatha East condo owners association has filed a complaint seeking authority to sell all co-owners' interests in the property. If you have not already been served with the complaint, you own an interest in Hiawatha East, and you oppose the sale, you must file a response with the United States Bankruptcy Court for the Middle District of Tennessee, 701 Broadway #207, Nashville, Tennessee 37203, in Adv. Pr. No. 25-90051 no later than thirty (30) days from the date of this publication. Further information may be obtained from the association, HiawathaService@lemonjuice.biz.

35. The Debtor believes that notice by email, digital and physical posting, and publication in the *Crossville Chronicle* and one national newspaper satisfies Rule 9008 under the facts and circumstances of this case.

36. Accordingly, the Debtor requests that the Court enter the attached order authorizing service by publication, and grant such further relief as is just.

Dated: July 31, 2025
Nashville, Tennessee

Respectfully submitted,

*/s/ C. Scott Kunde*
Blake D. Roth (TN Bar No. 031499)
C. Scott Kunde (TN Bar No. 040218)
**HOLLAND & KNIGHT LLP**
511 Union Street, Suite 2700
Nashville, TN 37219
Telephone: (615) 244-6380
Facsimile: (615) 244-6804
Email: blake.roth@hklaw.com
scott.kunde@hklaw.com

*Counsel for the Debtor and Debtor in Possession*

## CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2025, a copy of the foregoing was sent via ECF to the U.S. Trustee and all parties registered to receive electronic notice.

*/s/ C. Scott Kunde*


Blake D. Roth (TN Bar No. 031499)
C. Scott Kunde (TN Bar No. 040218)
**HOLLAND & KNIGHT LLP**
511 Union Street, Suite 2700
Nashville, TN 37219
Telephone: (615) 244-6380
Facsimile: (615) 244-6804
Email: blake.roth@hklaw.com
scott.kunde@hklaw.com


*Counsel for the Debtor and Debtor in Possession*

**Exhibit A**

***Proposed Order***

**UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | |
|---|---|
| In re:<br><br>HIAWATHA MANOR ASSOCIATION, INC.,<br><br>Debtor. | Chapter 11<br><br>Case No. 25-01916<br><br>Hon. Randal S. Mashburn |
| HIAWATHA MANOR ASSOCIATION, INC.,<br><br>Plaintiff,<br><br>v.<br><br>CHARLES H. ABERNATHY, *et al.*,<br><br>Defendants. | Adv. Pro. 2:25-ap-90051 |

**EXPEDITED ORDER AUTHORIZING SERVICE**
**BY PUBLICATION PURSUANT TO RULES 7004(C) AND**
**9008 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

The Court has considered the Debtor's *Expedited Motion for Service by Publication Pursuant to Rules 7004(c) and 9008 of the Federal Rules of Bankruptcy Procedure* (the "***Motion***"). The Court finds that the Debtor has satisfied the prerequisites for service by publication under Rule 7004(c) because (i) the property that is the subject of the Adversary Proceeding is property in the custody of the court, (ii) the Debtor attempted service on all domestic Defendants at their last known address by first class mail, postage prepaid, and on all foreign Defendants at their last known address by FedEx with return receipt required, (iii) the Debtor exercised reasonable diligence in attempting to locate all Defendants, and (iv) the Defendants cannot be served by any other means. The Court further finds that the proposed publication set forth in this order satisfies

the requirements of Rule 9008 and provides adequate due process for all Defendants which have not yet been served.

Accordingly, it is:

**ORDERED** that within twenty-one (21) days of entry of this order, the Debtor shall publish the following notice one time in the Crossville Chronicle and one time in a national newspaper (such as *USA Today*, the *Wall Street Journal*, or a similar paper with a national distribution):

> **NOTICE OF PROCEEDING TO SELL HIAWATHA EAST RESORT IN CROSSVILLE, TENNESSEE ("HIAWATHA EAST").** The Hiawatha East condo owners association has filed a complaint seeking authority to sell all co-owners' interests in the property. If you have not already been served with the complaint, you own an interest in Hiawatha East, and you oppose the sale, you must file a response with the United States Bankruptcy Court for the Middle District of Tennessee, 701 Broadway #207, Nashville, Tennessee 37203, in Adv. Pr. No. 25-90051 no later than thirty (30) days from the date of this publication. Further information may be obtained from the association, HiawathaService@lemonjuice.biz.

and it is further

**ORDERED** that the Debtor shall file a certificate of service with evidence of the publication no later than twenty-one (21) days following the publication; and it is further

**ORDERED** that the publication notice approved by this order constitutes adequate due process for all Defendants; and it is further

**ORDERED** that the Debtor may move for a default judgment against any Defendant served by publication that has not filed an answer or responsive pleading within thirty (30) days of the date of publication; and it is further

**ORDERED** that, to the extent it may be applicable, the 14-day stay contained in Rule 6004(h) does not apply to this Order and this Order is effective immediately.

**This Order Was Signed and Entered Electronically As Indicated At The Top of The First Page**

APPROVED FOR ENTRY:


*/s/ C. Scott Kunde*
Blake D. Roth (TN Bar No. 031499)
C. Scott Kunde (TN Bar No. 040218)
**HOLLAND & KNIGHT LLP**
511 Union Street, Suite 2700
Nashville, TN 37219
Telephone: (615) 244-6380
Facsimile: (615) 244-6804
Email: blake.roth@hklaw.com
scott.kunde@hklaw.com

*Counsel for the Debtor and Debtor in Possession*