United States Bankruptcy Court
Middle District of Tennessee

Hiawatha Manor Association, Inc.,
    Plaintiff

Abernathy,
    Defendant

Adv. Proc. No. 25-90051-RSM

# CERTIFICATE OF NOTICE

| District/off: 0650-2 | User: admin | Page 1 of 1 |
|---|---|---|
| Date Rcvd: Nov 19, 2025 | Form ID: vorder | Total Noticed: 5 |

The following symbols are used throughout this certificate:
**Symbol**     **Definition**
+     Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Nov 21, 2025:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| aty | + | BLAKE ROTH, Holland & Knight LLP, 511 UNION STREET, SUITE 2700, NASHVILLE, TN 37219-1791 |
| aty | + | Christopher Scott Kunde, Jr, Holland & Knight LLP, 511 Union St, Suite 2700, Nashville, TN 37219-1791 |
| dft | + | Charles H. Abernathy, 367 Denzil Lane, Oneida, TN 37841-5944 |
| pla | + | Hiawatha Manor Association, Inc., 8007 Cherokee Trl, Crossville, TN 38572-6331 |
| dft | + | Linda Lindstrom Simmons, 9643 Chanteclair Circle, Highlands Ranch, CO 80126-3079 |

TOTAL: 5

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 21, 2025      Signature:      /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on November 19, 2025 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| BLAKE ROTH | on behalf of Plaintiff Hiawatha Manor Association Inc. blake.roth@hklaw.com, brooke.freeman@hklaw.com;cathy.thomas@hklaw.com |
| Christopher Scott Kunde, Jr | on behalf of Plaintiff Hiawatha Manor Association Inc. scott.kunde@hklaw.com |

TOTAL: 2

Form vorder

# UNITED STATES BANKRUPTCY COURT

MIDDLE DISTRICT OF TENNESSEE

701 Broadway Room 170
Nashville, TN 37203

---

Adversary Proceeding No.: 2:25−ap−90051
Related Bankruptcy Proceeding No.: 2:25−bk−01916

Judge: Randal S Mashburn

In Re:

Plaintiff/Movant : Hiawatha Manor Association, Inc.

   vs

Defendant/Respondent : Charles H. Abernathy

---

ORDER

ORDER by Judge Mashburn : With regard to docket entry # 31, the Debtor has filed a motion in the main bankruptcy case to reschedule status conferences set for November 24, 2025, in two related adversary proceedings (25−90051 and 25−90052). The Debtor requests that the status conferences be rescheduled for December 30, 2025, to coincide with an anticipated hearing on a motion to employ a real estate broker. The general basis for the request is to avoid extra travel and duplication of efforts. The motion is denied with certain caveats. The Court did not anticipate that there would be any evidence required at the status conferences but rather there would simply be an update from counsel for the Debtor regarding the progress of these matters. Further, no motion has been filed in either of the adversary proceedings seeking this relief, and the status conferences were scheduled in the adversary proceedings, not the main case where this motion was filed. Also, given the short amount of time between the motion and the status conferences, it is likely that some interested parties might not receive sufficient notice of the change. Finally, the Court would benefit from hearing a brief update on these matters at the scheduled time. However, to assure the most economical and efficient process, the following conditions will apply to the status conferences: (a) counsel for the Debtor and any representatives or professionals who wish to participate in the status conference may attend by Zoom video using the instructions attached to docket entry 31 in 25−90051 and 32 in 25−90052; (b) it will not be necessary for anyone on behalf of the Debtor to participate in the status conferences other than counsel for the Debtor; (c) the Court anticipates limiting the status conferences to a short summary by counsel for the Debtor regarding recent activity and information about the anticipated timing of future activities; (d) although there could be questions or comments from the Court or potentially from others in attendance, the Court anticipates that any substantive discussions will be deferred until a later date likely the December 30, 2025, date suggested by the Debtor. (RE: related document(s) 31) (skb)

Dated: 11/19/25

                                         /s/ Randal S Mashburn
                                         UNITED STATES BANKRUPTCY JUDGE