# UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| In re: <br><br> HIAWATHA MANOR ASSOCIATION, INC., <br><br> Debtor. | Chapter 11 <br><br> Case No. 25-01916 <br><br> Hon. Randal S. Mashburn |
| HIAWATHA MANOR ASSOCIATION, INC., <br><br> Plaintiff, <br><br> v. <br><br> CHARLES H. ABERNATHY, *et al.*, <br><br> Defendants. | Adv. Pro. 2:25-ap-90051 |

### BRIEF IN SUPPORT OF HIAWATHA MANOR ASSOCIATION, INC.'S MOTION FOR SUMMARY JUDGMENT

Hiawatha Manor Association, Inc. (the "***Debtor***"), the debtor and debtor in possession in the above captioned chapter 11 case (the "***Chapter 11 Case***") and the plaintiff in the above captioned adversary proceeding (the "***Adversary Proceeding***"), files this *Brief in Support of Hiawatha Manor Association, Inc.'s Motion for Summary Judgment* (the "***Brief***"),[1] pursuant to Rule 56 of the Federal Rules of Civil Procedure (the "***Federal Rules***"), made applicable in this adversary proceeding by Rule 7056 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***") and Local Rules of Bankruptcy Procedure 7056-1, seeking entry of summary judgment. In support of the Motion, the Debtor respectfully states as follows:

---

[1] Capitalized terms used in this brief and not otherwise defined shall have the meanings ascribed to them in the *Statement of Undisputed Facts in Support of Pinecrest Pigeon Forge HOA, Inc.'s Motion for Summary Judgment*.

## INTRODUCTION

The Debtor filed this Adversary Proceeding seeking authority pursuant to 11 U.S.C. § 363(h) to sell the entire Hiawatha East Property, including the estate's interests and the non-debtor co-owners' interests ("***Owners***"), as well as those individuals with interests that cloud title to the Debtor's real estate ("***Clouders***" together with the Owners, the "***Defendants***"). Subject to obtaining relief in this Adversary Proceeding, the Debtor has requested authority to sell the Property free and clear of all liens, interests, and encumbrances pursuant to 11 U.S.C. § 363(b) and (f).

The Debtor is not seeking entry of money judgment or other monetary award of any kind against the Defendants in this Adversary proceeding. The Debtor seeks **only** declaratory relief that it may sell the entire Hiawatha East Property.

The Debtor files the Motion seeking entry of a final judgment as a motion for summary judgment. None of the Defendants have objected to the Sale Motion or filed a response to the Complaint. As such, the Debtor moves for summary judgment against the Defendants.

## JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (N), and (O). Venue is proper in this district pursuant to 28 U.S.C. §1408.

## LEGAL STANDARD

2. Rule 56(c) of the Federal Rules, as made applicable to this proceeding by Rule 7056 of the Bankruptcy Rules, provides that summary judgment is proper when "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any,

2

Case 2:25-ap-90051    Doc 41    Filed 01/19/26    Entered 01/19/26 15:13:33    Desc Main
Document    Page 2 of 8

show that there is no genuine issue as to any material fact that the moving party is entitled to judgment as a matter of law."

3. Under Rule 56, the movant has the burden of identifying the basis for its motion, and those portions of the record that reveal that there is no genuine issue in dispute. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Once the movant meets its burden, the non-movant must come forward with the specific facts showing a genuine dispute. *Id.* The non-movant must do more than show that there is some "metaphysical doubt as to the material facts." *Id.* A material fact is one which might affect the outcome of the suit due to its legal import. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine dispute exists when the evidence is such that a reasonable finder of fact could return a verdict for the non-movant. *Id.*

4. Under section 363(h) of the Bankruptcy Code, a debtor may sell both the estate's interest and the interest of any co-owner in property in which the debtor had, at the time of the commencement of the case, an undivided interest as a tenant in common if:

   a. partition in kind of such property among the estate and such co-owners is impracticable;

   b. sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners;

   c. the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and

   d. such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

11 U.S.C. § 363(h).

# ARGUMENT

**a. Partition in kind of the Hiawatha East Property among the estate and Defendants is impracticable.** *See* **11 U.S.C. § 363(h)(1).**

5. The Hiawatha East Property is comprised of 47 Units. Each Unit is owned by dozens of different tenant-in-common co-owners, split amongst 52 weeks, with title impacted by the Clouders. These Owners and Clouders are the Defendants to this Adversary Proceeding. The Debtor owns at least one interest in each of the 47 Units. Given the fractional ownership structure of the Units, it would be impracticable to partition the Property between the interests of the estate and the co-owners. Accordingly, there is no genuine issue of material fact as to the first element of 11 U.S.C. § 363(h).

**b. Sale of the estate's undivided interest in the Hiawatha East Property would realize significantly less for the estate than the sale of the Hiawatha East Property free of the interests of the Defendants.** *See* **11 U.S.C. § 363(h)(2).**

6. Given the minimal cash flows at the Hiawatha East Property, it likely would not be possible to locate any buyer who would be willing to acquire only the Debtor's undivided interest in the Units. Similarly, it is impractical for the Debtor to continue operating under the current ownership structure or to obtain financing based solely on the Debtor's individual interests in each Unit. Thus, a sale of the entire Hiawatha East Property is necessary in order to maximize value for the estate.

7. The Debtor engaged an auctioneer team to market the Hiawatha East Property during the course of this bankruptcy case. See *Order Authorizing the Employment of Commercial Real Estate Exchange, Inc.* (Doc. No. 59).

8. The broker is implementing a broad marketing campaign designed to attract a large and diverse population of potential bidders and will oversee the auction process, as outlined in the

4

*Debtor's Motion Pursuant to 11 U.S.C. §§ 105(a), 363, and 365 of the Bankruptcy Code and Bankruptcy Rules 2002 and 6004 for an Order (I) Approving Bidding Procedures, (II) Scheduling an Auction for and a Hearing to Approve the Sale of the Properties, (III) Approving Notice Of Respective Date, Time, and Place for the Auction and for a Hearing to Approve the Sale, (IV) Authorizing the Sale of Certain Assets Free and Clear of all Liens, Claims, Interests, and Encumbrances, (V) Approving the Assumption and Assignment of Certain Executory Contracts, and (VI) Granting Related Relief* (Doc. No. 110).

9. Following the auction process, the parties will execute a purchase contract pursuant to which the sale of the Hiawatha East Property will be contingent upon the Court approving the sale.

10. Ultimately, significant value will be realized for the estate through the sale of the entire Hiawatha East Property rather than just the estate's interests. Accordingly, there is no genuine issue of material fact as to the second element of 11 U.S.C. § 363(h).

    **c. The benefit to the estate of a sale of the Hiawatha East Property free of the interests of the Defendants outweighs the detriment, if any, to such Defendants. *See* 11 U.S.C. § 363(h)(3).**

11. The benefit to the estate, as set forth above, is that the sale of the Hiawatha East Property in its entirety will maximize its value, providing the Debtor and its estate (i) $3,000,000 in estimated gross sale value on account of the entire Hiawatha East Property, plus (ii) the ability, through a future plan of liquidation, to recover on amounts owed by delinquent Defendants from the proceeds attributable to their respective intervals. At the same time, any detriment to the Defendants will be *de minimis*.

5

Case 2:25-ap-90051    Doc 41    Filed 01/19/26    Entered 01/19/26 15:13:33    Desc Main
Document    Page 5 of 8

12. Furthermore, the conservative estimate of $3,000,000 far exceeds the proportional share of what the Debtor would be able to obtain if it was forced to sell its Units separately from the entire Hiawatha East Property.

13. With respect to Defendants who have stopped using their interest in the Hiawatha East Property and have stopped paying their annual assessments for years, they will benefit from the sale because they will be relieved from their ongoing liability for assessments for an interest that they have effectively abandoned.

14. With respect to Defendants who have continued to pay their assessments, they will be relieved from the only alternative of ever rising maintenance fees that would be required if the Hiawatha East Property was to continue operating. And, these Defendants will be fairly compensated for their interests, because the Hiawatha East Property is proposed to be sold at a price that will be determined through robust public auction process yielding a market-tested sale price. A pro-rata share of the market-tested sale of the entire Hiawatha East Property will be greater than the value of selling any single interest.

15. In addition to the foregoing, prior to undertaking the sale process, the Debtor solicited consent from the Unit Owners to proceed with a sale process. The Unit Owners of over 700 intervals affirmatively consented to the proposed sale, representing a nearly 99 % affirmative acceptance rate.

16. Accordingly, there is no genuine issue of material fact as to the third element of 11 U.S.C. § 363(h).

> **d. The Hiawatha East Property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.** *See* **11 U.S.C. § 363(h)(4).**

6

Case 2:25-ap-90051    Doc 41    Filed 01/19/26    Entered 01/19/26 15:13:33    Desc Main Document    Page 6 of 8

17. The Units are residential condominiums and are not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power. Accordingly, there is no genuine issue of material fact as to the fourth element of 11 U.S.C. § 363(h).

## CONCLUSION

Based on the foregoing, there is no genuine issue of material fact as to any element of 11 U.S.C. § 363(h) and the Court should enter a judgment, substantially in the form attached as **Exhibit A** to the Motion, authorizing the Debtor to sell the entire Hiawatha East Property, including the Defendants' interests, and grant the Debtor such further relief as this Court deems just and proper.

Dated: January 19, 2026

Respectfully submitted,
**HOLLAND & KNIGHT LLP**

_/s/ Blake D. Roth_
Blake D. Roth (Federal ID No. 2666808)
C. Scott Kunde (TN Bar No. 040218)
511 Union Street, Suite 2700
Nashville, TN 37219
Telephone: (615) 244-6380
Facsimile: (615) 244-6804
Email: Blake.Roth@hklaw.com
          Scott.Kunde@hklaw.com

*Counsel for the Debtor and Debtor in Possession*

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing was filed and served via the Court's CM/ECF system on January 19, 2026, on the Office of the United States Trustee for the Middle District of Tennessee, and all parties who are registered to receive electronic notice through the Court's CM/ECF system.

      */s/ Blake D. Roth*