Hiawatha Manor Association, Inc.,

    Plaintiff

Abernathy,

    Defendant

Adv. Proc. No. 25-90051-RSM

# CERTIFICATE OF NOTICE

| District/off: 0650-2 | User: admin | Page 1 of 1 |
|---|---|---|
| Date Rcvd: Feb 11, 2026 | Form ID: vorder | Total Noticed: 5 |

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Feb 13, 2026:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| aty | + | BLAKE ROTH, Holland & Knight LLP, 511 UNION STREET, SUITE 2700, NASHVILLE, TN 37219-1791 |
| aty | + | Christopher Scott Kunde, Jr, Holland & Knight LLP, 511 Union St, Suite 2700, Nashville, TN 37219-1791 |
| dft | + | Charles H. Abernathy, 367 Denzil Lane, Oneida, TN 37841-5944 |
| pla | + | Hiawatha Manor Association, Inc., 8007 Cherokee Trl, Crossville, TN 38572-6331 |
| dft | + | Linda Lindstrom Simmons, 9643 Chanteclair Circle, Highlands Ranch, CO 80126-3079 |

TOTAL: 5

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 13, 2026         Signature:      /s/Gustava Winters

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on February 11, 2026 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| BLAKE ROTH | on behalf of Plaintiff Hiawatha Manor Association  Inc. blake.roth@hklaw.com, brooke.freeman@hklaw.com;cathy.thomas@hklaw.com |
| Christopher Scott Kunde, Jr | on behalf of Plaintiff Hiawatha Manor Association  Inc. scott.kunde@hklaw.com |

TOTAL: 2

# UNITED STATES BANKRUPTCY COURT

## MIDDLE DISTRICT OF TENNESSEE

701 Broadway Room 170
Nashville, TN 37203

---

Adversary Proceeding No.:  2:25−ap−90051
Related Bankruptcy Proceeding No.:  2:25−bk−01916

Judge:  Randal S Mashburn

In Re:

Plaintiff/Movant : Hiawatha Manor Association, Inc.

vs

Defendant/Respondent : Charles H. Abernathy

---

### ORDER

ORDER by Judge Mashburn : With regard to docket entry # 43, 45, Linda Simmons has filed a motion at Doc. 45 to appear virtually in connection with the hearing scheduled for March 31, 2026, pursuant to the order at Doc. 43, on the motion for summary judgment filed by the plaintiff. The Court will defer ruling on this request until it is determined what response, if any, is filed by Ms. Simmons to the summary judgment motion by the March 9, 2026, deadline established by the scheduling order. Ms. Simmons as well as other defendants may monitor the matter virtually pursuant to the scheduling order, but persons opposing the motion and seeking to make arguments for denial of the motion would normally be required to attend in person. Without knowing whether Ms. Simmons will oppose the motion and the grounds for such opposition, it is premature to determine if virtual participation would be appropriate. If she files a timely response in opposition to the relief requested by the plaintiff, she may renew her request to appear virtually. (RE: related document(s) 43, 45) (las)

Dated: 2/11/26

/s/ Randal S Mashburn
UNITED STATES BANKRUPTCY JUDGE