# UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| In re: <br> HIAWATHA MANOR ASSOCIATION, INC., <br> Debtor. | Chapter 11 <br> Case No. 25-01916 <br> Hon. Randal S. Mashburn |
| HIAWATHA MANOR ASSOCIATION, INC., <br> Plaintiff, <br> v. <br> CHARLES H. ABERNATHY, et al., <br> Defendants. | Adv. Pro. No. 2:25-ap-90051 |

## AFFIDAVIT OF LINDA SIMMONS IN SUPPORT OF RULE 56(d)

I, Linda Simmons, make this declaration based on my personal knowledge and my review of the documents available to me.

1. I am a Defendant in this adversary proceeding and submit this affidavit in support of my request for relief under Federal Rule of Civil Procedure 56(d).

2. This affidavit is submitted to explain why I cannot presently present facts essential to oppose Plaintiff's Motion for Summary Judgment.

3. Plaintiff's Motion for Summary Judgment relies on factual assertions concerning authority, ownership, and related transactions that are based on documents and information not produced to me.

1

4. On January 30, 2026 I served Requests for Production of Documents, and on February 2, 2026, I served a First Supplemental Request for Production. The discovery sought in those requests has not been produced.

5. Specifically, I seek discovery concerning the following categories of facts:

   a. Foundational ownership and accounting records, including the Association's master general ledgers, aged receivables, and ownership schedules in native electronic format, necessary to reconcile the ownership figures and financial assertions relied upon by Plaintiff.

   b. Authority and governance documents, including board resolutions, powers of attorney, and written instruments authorizing the execution and acceptance of the 70-week transfer and other transactions on which Plaintiff relies.

   c. Records concerning the 476-week transfer, including valuation materials, financial reconciliations, and documentation explaining the discrepancy between prior asserted valuations and the $0 consideration reflected in recorded deeds.

   d. Directors and Officers (D&O) insurance and related indemnification records, required to be disclosed under Rule 26 and relevant to determining authority, indemnification rights, and governance control.

   e. Bank statements, deed-back fee records, and post-petition transfer documentation necessary to test Plaintiff's assertions regarding estate benefit, valuation, and compliance with § 363(h).

6. These facts are essential because Plaintiff's request for summary judgment depends on the existence, validity, and effect of disputed transfers, ownership interests, and governance authority. Without this discovery, I cannot presently evaluate whether the factual assertions relied upon by Plaintiff are subject to genuine dispute.

7. The requested materials are within the possession, custody, or control of Plaintiff and its agents, including management entities and affiliates, and have not been produced in discovery.

2

Case 2:25-ap-90051    Doc 48-1    Filed 03/03/26    Entered 03/03/26 16:33:47    Desc
Affidavit of Linda Simmons per FRBP 7056(d)    Page 2 of 4

8. Certain information has been referenced only through summaries, declarations, or curated data-room access, which does not permit downloading, analysis, or use of the materials as evidence in opposition to summary judgment.

9. I have acted diligently in seeking this discovery, and this request is not made for purposes of delay.

10. Because the missing discovery goes directly to the core factual predicates on which Plaintiff seeks judgment as a matter of law, I respectfully request that the Court defer consideration of Plaintiff's Motion for Summary Judgment or deny it without prejudice pending completion of limited discovery concerning the matters described above.

For these reasons, I respectfully request that the Court deny or defer summary judgment until Plaintiff produces the discovery identified above.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 3rd day of March, 2026. (Per 28 U.S.C. § 1746)

*/s/ Linda Simmons*
Linda Simmons
Defendant, pro se

3

Case 2:25-ap-90051   Doc 48-1   Filed 03/03/26   Entered 03/03/26 16:33:47   Desc
Affidavit of Linda Simmons per FRBP 7056(d)   Page 3 of 4

## CERTIFICATE OF SERVICE

       I hereby certify that on March 3, 2026, I served a true and correct copy of the foregoing Objection to Hiawatha Manor Association' Motion for Summary Judgment via the Court's CM/ECF system on all registered participants, including:

- Blake D. Roth – Counsel for Debtor
- C. Scott Kunde – Counsel for Debtor
- Thomas H. Forrester – Counsel for Lake Tansi Village POA
- Rebecca J. Yielding – Trial Attorney, Office of the U.S. Trustee
- Office of the United States Trustee
- Michael E. Collins – Counsel for Hiawatha Manor West Association, Inc.
- S. Marc Buchman – Counsel for Hiawatha Manor West Association

/s/Linda Simmons
Linda Simmons
9643 Chanteclair Circle
Highlands Ranch, CO 80126
Telephone: (615) 594-2866

4

Case 2:25-ap-90051   Doc 48-1   Filed 03/03/26   Entered 03/03/26 16:33:47   Desc
Affidavit of Linda Simmons per FRBP 7056(d)   Page 4 of 4