UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| In re:<br><br>HIAWATHA MANOR ASSOCIATION, INC.,<br><br>Debtor. | Chapter 11<br><br>Case No. 25-01916<br><br>Hon. Randal S. Mashburn |
| HIAWATHA MANOR ASSOCIATION, INC.,<br><br>Plaintiff,<br><br>v.<br><br>CHARLES H. ABERNATHY, et al.,<br><br>Defendants. | Adv. Pro. 2:25-ap-90051 |

**DEFENDANT LINDA SIMMONS' RESPONSE TO
PLAINTIFF HIAWATHA MANOR ASSOCIATION INC.'S
STATEMENT OF UNDISPUTED FACTS
<u>IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT</u>**

Defendant Linda Simmons submits the following responses to Plaintiff Hiawatha Manor Association, Inc.'s Statement of Undisputed Facts in Support of its Motion for Summary Judgment. Any fact not expressly admitted is denied. Defendant objects to each asserted "fact" to the extent it is a legal conclusion, argumentative, unsupported by admissible evidence, or mischaracterizes the cited materials.

1. The Debtor is a Tennessee non-profit corporation and the condominium owners association of that certain 47-unit (each a "Unit" and collectively, the "Units") development located at 8005 Cherokee Trail, Crossville, Tennessee 38572, which is commonly known as the

1

Hiawatha Manor Resort (the "Hiawatha East Property"). (Complaint ¶ 10; Krakovsky Declaration, ¶ 4.)

**RESPONSE:** Admitted.

2. The Units are residential condominiums and are not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat. (Complaint ¶ 33.)

**RESPONSE:** Admitted.

3. None of the Defendants have objected to the Sale Motion or filed a response to the Complaint. (Krakovsky Declaration, ¶ 30.)

**RESPONSE:** Denied. Plaintiff has not produced admissible evidence supporting this assertion. Defendant Linda Simmons filed an Answer and Affirmative Defenses on June 11, 2025.

4. The original developer of the Hiawatha East Property, Tansi Resort, Inc., a Tennessee corporation, submitted the Hiawatha East Property to condominium ownership and registered the Hiawatha East Property as an "Interval Ownership" timeshare condominium under (a) that certain Declaration of Horizontal Property Regime Master Deed, Hiawatha Manor, Lake Tansi Village, Crossville, Tennessee, dated as of July 11, 1979, and (b) that certain Declaration of Horizontal Property Regime Master Deed, Hiawatha Manor I, Lake Tansi Village, Crossville, Tennessee, dated as of October 27, 1980. (Complaint ¶ 11; Krakovsky Declaration, ¶ 7.)

**RESPONSE:** Admitted as to the existence and dates of the referenced Declarations. Denied to the extent Plaintiff's statement implies any legal effect, ownership structure, or factual conclusions beyond the existence of the recorded documents.

5. Prepetition, the Debtor solicited consent from the Unit Owners to proceed with an out of court sale process. The votes failed in both instances due to the Debtor's inability to gather a sufficient quorum of current owners of the timeshare interests to meet the requisite voting threshold. (Complaint ¶¶ 13-14; Krakovsky Declaration ¶ 22).

**RESPONSE:** Denied. The Debtor has not produced admissible evidence supporting this assertion. The Debtor has not produced voting records or quorum calculations establishing that the votes "failed," and Defendant disputes the Debtor's characterization of the applicable quorum and voting requirements under the governing Declarations.

6. Regardless of the failure of the vote, the Debtor owns its interests in the Units as a tenant in common with Defendants. (Complaint ¶ 15; Krakovsky Declaration ¶ 4.)

**RESPONSE:** Denied. Plaintiff has not produced admissible evidence establishing the nature or extent of its ownership interests or that such interests are held as tenants in common with Defendants.

7. The Debtor is the owner of 1,764 undivided fractional interests as a tenant in common with one or more of the Defendants in each of the Units at the Hiawatha East Property. (Complaint ¶ 12; Krakovsky Declaration ¶ 4.)

**RESPONSE:** Denied. Plaintiff has not produced any ownership ledger, deeds, or other admissible evidence establishing that it owns 1,764 undivided fractional interests or that such interests are held as tenants in common with Defendants.

8. In addition to the co-tenants, title work conducted by the Debtor in anticipation of a sale of the Hiawatha East Property has revealed approximately one hundred ninety-eight (198) additional individuals or entities that appear in the title chain records for the Hiawatha East

3

Property but do not hold any valid legal or equitable interest in the Units (such individuals and/or entities, "Clouders"). (Complaint ¶ 17.)

**RESPONSE:** Denied. Plaintiff has not produced the referenced title work or admissible evidence establishing that the identified individuals or entities lack any valid legal or equitable interest in the Units.

9. Many of the tenants in common have either walked away from their ownership and stopped paying maintenance fees or transferred their interests to timeshare relief companies. (Complaint ¶ 19; Krakovsky Declaration ¶ 18.)

**RESPONSE:** Denied. Plaintiff has not produced admissible evidence supporting this assertion. Plaintiff has not produced admissible evidence identifying which tenants allegedly "walked away," ceased paying fees, or transferred interests, or establishing the nature or validity of any such transfers.

10. Many of the tenants in common fail to pay maintenance fees, resulting in the Debtor having accounts receivable of nearly $7,580,000, which are secured by statutory liens against the interests of the delinquent tenants in common. (Schedule A/B, Part 3, #11; Krakovsky Declaration, ¶¶ 19-20.)

**RESPONSE:** Denied. Plaintiff has not produced admissible evidence supporting this assertion. Plaintiff has not produced admissible evidence establishing the amount of any accounts receivable, the basis or calculation of the asserted $7,580,000 figure, or the existence, validity, and perfection of statutory liens securing such amounts.

11. The decreased revenue at the Hiawatha East Property is not sufficient to cover the Hiawatha East Property's monthly operating and maintenance costs. (Complaint ¶ 21; Krakovsky Declaration ¶ 21.)

**RESPONSE:** Denied. Plaintiff has not produced admissible evidence supporting this assertion. Plaintiff has not produced admissible financial records, budgets, or operating statements establishing that revenues are insufficient to cover monthly operating and maintenance costs.

12. The sale of the Debtor's undivided interest in the Units together with the co-owner interests enables the Debtor to market the Units as a whole. Because comparable sales are limited, the Debtor's current estimate that the Property will generate approximately $3,000,000 in gross sale value is a conservative estimate based on the number of units and market conditions in the area; the ultimate value will be determined by the competitive auction process. (Krakovsky Declaration, ¶ 27.)

**RESPONSE:** Denied. Plaintiff has not produced admissible evidence supporting this assertion. Plaintiff has not produced admissible valuation evidence supporting the asserted $3,000,000 estimate, including any appraisal, market analysis, or comparable sales data. The assertion is conclusory and speculative.

13. Given the fractional ownership structure of the Units, it would be impracticable to partition the Property between the interests of the estate and the co-owners and the current estimated sale price for the Property as a whole far exceeds the proportional share of what the Debtor would be able to obtain if it was forced to sell its Units separately from the entire Property. (Krakovsky Declaration, ¶ 31).

**RESPONSE:** Denied. Plaintiff has not produced admissible evidence supporting this assertion. Plaintiff has not produced admissible evidence establishing that partition is impracticable or that sale of only the estate's interests would realize significantly less value. The assertion is conclusory and unsupported.

14. The Debtor's broker team, CREXI and HREC, is implementing a broad marketing campaign designed to attract a large and diverse population of potential bidders for the Hiawatha East Property, which it expects will result in a successful and competitive public auction. (Krakovsky Declaration, ¶ 25-26.)

**RESPONSE:** Denied. Plaintiff has not produced admissible evidence supporting this assertion. Plaintiff has not produced admissible evidence describing the alleged marketing campaign or establishing that it will result in a successful or competitive public auction.

15. Attached as **Exhibit A** to the Krakovsky Declaration and incorporated herein by reference is a list of all the Defendants that may own or otherwise assert an interest in the Hiawatha East Property and their last known address, which list was derived from the title work performed by the Debtor prior to, and following, the Petition Date. (Krakovsky Declaration, ¶ 28.)

**RESPONSE:** Denied. Plaintiff has not produced admissible evidence supporting this assertion. Plaintiff has not produced the referenced title work or admissible evidence establishing that the Exhibit A list identifies all persons who own or assert a valid interest in the Property or that the listed addresses are accurate.

16. The addresses attached as Exhibit A to the Krakovsky Declaration were sourced from (a) the original deeds recorded in the real property records, (b) the last known address of each Defendant reflected in the Debtor's books and records, and (c) the results of a service retained by the Debtor prepetition to skip-trace each Defendant. (Krakovsky Declaration, ¶ 29.)

**RESPONSE:** Denied. Plaintiff has not produced admissible evidence supporting this assertion. Plaintiff has not produced admissible evidence establishing the sources, accuracy, or completeness of the addresses listed in Exhibit A.

17. The Debtor served by first class mail, postage prepaid, the summons on the domestic addresses on Exhibit A to the Krakovsky Declaration, on June 2, 2025, and the Debtor served the summons on the foreign addresses on Exhibit A to the Krakovsky Declaration by FedEx with return receipt required in compliance with Federal Rule of Civil Procedure 4(f) on May 29, 2025. (Adv. Pro. Doc. Nos. 9, 10; Krakovsky Declaration, Exhibit A.)

**RESPONSE:** Admitted that the Court authorized the service methods described. Denied that Plaintiff has established that service and notice were properly completed as to all Defendants.

18. On August 6, 2025, the Court entered the Expedited Order Authorizing Service by Publication Pursuant to Rules 7004(c) and 9008 of the Federal Rules of Bankruptcy Procedure (the "Publication Order") (Adv. Pro. Doc. No. 15.)

**RESPONSE:** Admitted.

19. The Debtor completed service by publication on the Defendants in accordance with the Publication Order via publishing notice in USA Today on September 15, 2025, and the Crossville Chronicle on September 16, 2025 and September 23, 2025. Certificate of Service by Publication (Adv. Pro. Doc. No. 24).

**RESPONSE:** Admitted that certain notices and orders were mailed to some Defendants as reflected in the Certificates of Notice. Denied that Plaintiff has established that service and notice were properly completed or sufficient as to all Defendants.

Dated: March 3, 2026

Respectfully submitted,

/s/ Linda Simmons
Linda Simmons, pro se
9643 Chanteclair Circle
Highlands Ranch, CO 80126
Telephone: (615)594-2866
Email: lindasimmons2866@gmail.com

## CERTIFICATE OF SERVICE

   I hereby certify that on March 3, 2026, I served a true and correct copy of the foregoing Objection to Hiawatha Manor Association' Motion for Summary Judgment via the Court's CM/ECF system on all registered participants, including:

- Blake D. Roth – Counsel for Debtor
- C. Scott Kunde – Counsel for Debtor
- Thomas H. Forrester – Counsel for Lake Tansi Village POA
- Rebecca J. Yielding – Trial Attorney, Office of the U.S. Trustee
- Office of the United States Trustee
- Michael E. Collins – Counsel for Hiawatha Manor West Association, Inc.
- S. Marc Buchman – Counsel for Hiawatha Manor West Association

/s/Linda Simmons
Linda Simmons
9643 Chanteclair Circle
Highlands Ranch, CO 80126
Telephone: (615) 594-2866

8

Case 2:25-ap-90051  Doc 49  Filed 03/03/26  Entered 03/03/26 16:39:26  Desc Main
Document  Page 8 of 8